UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BUEHNER**, | ) | Case No.  5:05 CV 1757 |
| | ) | |
| Petitioner, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **DAVID BOBBY, WARDEN**, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Michael Buehner is a prisoner in state custody seeking habeas corpus relief under 28 U.S.C. §2254 from his convictions on two counts of murder (under alternate theories for the same victim, Saunders) with firearm specification and life sentence with parole eligibility after 15 years plus 3 years on the firearm specification. The case arose from a shooting incident which occurred on May 24, 2001 during a drug transaction.

Buehner unsuccessfully appealed from his murder convictions relating to Saunders, but prevailed on his appeal from the conviction for attempted murder of Edwards. See *State v. Buehner*, 2003 WL 21469159, 2003 - Ohio - 3348(Ohio App. 8 Dist.), appeal dismissed,100 Ohio St.3d 1427, 797 N.E.2d 94, 2003 - Ohio - 5392 (Table 2003), appeal not allowed, 100 Ohio St.3d 1485, 798 N.E.2d 1093, 2003 - Ohio - 5992 (Table 2003).

While direct appeal was pending, Buehner on October 7, 2003 applied unsuccessfully under Ohio R. App. P. 26(B) to reopen his appeal due to ineffective assistance of appellate counsel. See Respondent's Ex. K; *State v. Buehner*, 2004 WL 225474, 2004 - Ohio- 463 ( Ohio App. 8 Dist.),

5:05 CV 1757                                                2

appeal not allowed, 102 Ohio St.3d 1446, 808 N.E. 2d 398, 2004- Ohio- 2263 (Table 2004), 102 Ohio St.3d 1461, 809 N.E.2d 34, 2004- Ohio- 2569 (Table 2004).

Buehner, represented by counsel, is now before the federal district court raising two grounds for federal collateral review,  insufficiency of the evidence and ineffective assistance of appellate counsel.  Buehner has exhausted his state judicial remedies with respect to these grounds.

*Insufficiency of the Evidence:*

It is in apparent error that this ground is being raised since Buehner prevailed on this issue in his state appeal. See *Buehner*, 2003 WL 21469159 at ¶¶ 24-29. Buehner's conviction for attempted murder was reversed and on August 13, 2003, the State unsuccessfully appealed to the Ohio Supreme Court arguing that the state appellate court abused its discretion. (See Respondent's Ex. G; and *Buehner*, 100 Ohio St.3d 1485). In this counseled application, Buehner argues, "The state failed to introduce sufficient evidence upon which to premise a conviction for aggravated murder and, therefore,  Dickerson's (*sic*) conviction and sentence of death deprived him of substantive and procedural due process as guaranteed by the Fifth, Sixth, Eighth And Fourteenth Amendments." Buehner also appears to raise an actual innocence argument. ( Buehner's Application for Habeas Corpus § III ¶ 31).

These arguments are obviously raised in error for some prior defendant named Dickerson. Buehner had been originally charged with two counts of aggravated murder under alternate theories, but the jury convicted on the lesser included offense of murder. Buehner states in his application that

5:05 CV 1757                                                3

the assignment of error presented had been that the evidence was insufficient to support the conviction for attempted murder. (Buehner's Application for Habeas Corpus § II Ex. A). Respondent argues to remedy this situation by dismissing this ground of the basis of procedural default due to Buehner's failure to present his current ground to the state's highest court. Respondent also contends that Buehner's ground in his habeas petition is fundamentally different from his argument raised in state court and not "fairly presented" for review in the state courts.

"Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  Fair presentation of constitutional claims requires that the state courts are afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Failure to fairly present the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)("Whether a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has *properly* presented his claims to the state courts. Because we answer this question "no," we conclude that Boerckel has procedurally defaulted his claims."); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct.

5:05 CV 1757                                                            4

1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim is forfeited following exhaustion of state remedies and failure to raise claim to state courts); and see *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991). [1] The fair presentation principle further applies not only to those situations where the petitioner has failed to raise his claim to the state's highest court for review, but also where it has been presented, "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).

This procedural default serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).

---

[1] When state court decision does not clearly and expressly rely on independent and adequate state ground, the federal court may address petition. "This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of habeas corpus. . ." *Coleman v. Thompson*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1.

5:05 CV 1757                                            5

Not only is review barred by the federal doctrine as expressed in *O'Sullivan, Teague* and *Edwards*, but it is also a state procedural bar and the failure to present the ground to the state's highest court provides an adequate and independent state procedural rule to bar habeas review. See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied,* 546 U.S.821 (2005). Thus, with respect to this ground there has been a lack of fair presentation because there could be no presentation now to the state's highest court in a manner consistent with its own procedural rules. See *Edwards v. Carpenter*, 529 U.S. at 453.

In this situation, federal collateral review is barred, but Buehner may overcome this bar by a demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively by showing a fundamental miscarriage of justice. See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).

Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Buehner has not, however, produced new evidence of innocence as required. See *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Buehner argues that the identification at trial was uncertain, the testimony of two witnesses, Price and Edwards, conflicted, and Buehner's handgun did not fire the bullets found in the victim.( Buehner's Application for Habeas Corpus § I p 3). To succeed, Buehner

5:05 CV 1757                                                  6

would have had to either present "new reliable evidence. . . that was not presented at trial" (*Id.*; *Schlup*, 513 U.S. at 324), or at some demonstration of a fundamentally unjust incarceration, and this would appear to certainly require more than a dispute over credibility  (See *House*, at 2077). Buehner has not shown that his incarceration was fundamentally unjust to overcome his procedural default. Consequently the second ground was not "fairly presented" for review in the state courts, and accordingly, federal collateral review is barred.

*Ineffective Assistance of Appellate Counsel:*

Buehner argues that appellate counsel was ineffective for failing to raise on the appeal arguments of prosecutorial misconduct, abuse of discretion by allowing the jury to consider prejudicially irrelevant evidence, and deprivation of a fair trial for refusing to instruct on the lesser included offense of involuntary manslaughter. In his Ohio R. App P. 26(B) application to reopen appeal, Buehner raised six arguments which were rejected both for their lack of merit and due to *res judicata* by the state appellate court. See Buehner, 2004 WL 225474. Respondent does not rely on the state appellate court's alternate basis of procedural default due to *res judicata*.[2]  As such, this

---

[2] In Ohio, "[c]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, 1205 (1992). As a result, Ohio's Supreme Court approved the application of *res judicata*, on several occasions, where the claim of ineffective assistance of appellate counsel could have been raised in the direct appeal to the Ohio Supreme Court. See *State v. Terrell*, 72 Ohio St.3d 247, 648 N.E.2d 1353 (1995); *State v. Dehler*, 73 Ohio St.3d 307, 652 N.E.2d 987 (1995); *State v. Colombo*, 73 Ohio St.3d 306, 652 N.E.2d 987 (1995);  *State v. Hill*, 78 Ohio St.3d 174, 677 N.E.2d 337 (1997); *State v. Gillard*, 85 Ohio St.3d 363, 365, 708 N.E.2d 708, 710 (1999), *cert. denied*, 528 U.S. 1024 (1999)(Defendant should have raised his claim of ineffective assistance of appellate counsel in his 1988 cross-appeal to the Ohio Supreme Court) *State v Cooey*, 99 Ohio St.3d 345, 792 N.E.2d 720, 2003-Ohio- 3914 (2003)(same).As a result this is an "adequate and independent" state rule to bar federal review when the state court has relied on this rule to deny   reopening of  appeal under Ohio R. App. P. 26(B) when there had been a prior opportunity to present his claim of ineffective assistance of appellate counsel directly to the Ohio Supreme Court. *Reddick v. Brunsman,* 2007 WL 2143005, *6 (S.D.Ohio 2007); *Thompson v. Bradshaw*,  2007 WL 2080454, *9 (N.D.Ohio).

5:05 CV 1757                                               7

argument is deemed forfeited. See *Garner v. Mitchell*, - F.3d -, 2007 WL 25934314, *5 (6th Cir. 2007); and see *Trest v. Cain*, 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). [3]

For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which extends the permissible range of federal review of state convictions follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally granted powers for review under 28 U.S.C. §2254(d). See *Williams v. Taylor*, 529 U.S. 362, 402-03, 117 S.Ct. 1495, 146 L.Ed.2d 389 (2000)*; Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002). The habeas applicant must show either that the state decision was "contrary to" or an "unreasonable application" of Supreme Court precedent. The phrases "contrary to" and "unreasonable application" are not the same. Under the "contrary to" standard of review, the state court's decision is "contrary

---

[3] "Thus, procedural default is normally a "defense" that the State is "obligated to raise" and "preserv[e]" if it is not to "lose the right to assert the defense thereafter." *Gray v. Netherland*, 518 U.S. 152, 166, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457 (1996); see *Jenkins v. Anderson*, 447 U.S. 231, 234, n. 1, 100 S.Ct. 2124, 2127, n. 1, 65 L.Ed.2d 86 (1980). We are not aware of any precedent stating that a habeas court must raise such a matter where the State itself does not do so."

*Trest v. Cain* 522 U.S. .at 89-90, 118 S.Ct. at 480

5:05 CV 1757                                                    8

to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003); *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).  Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ.  *Id.*   The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538 U.S. at 71-72, 123 S.Ct. at 1172; *Williams v. Taylor*, 529 U.S. at 412; *Bell v. Cone*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal rule from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003).  This includes both the state court's refusal to extend and its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts. See *Williams*, 529 U.S. at 407.  The unreasonable application of Supreme Court precedent must, however,  be "objectively" unreasonable.  *Id.,* 529 U.S. at 409, 120 S.Ct. at 1521; *Wiggins, supra*, at 520-21.  When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question."  *Lockyer v. Andrade*, 538 U.S. at 75.  When there has been an "unreasonable application" of clearly established federal law

5:05 CV 1757                                          9

then no deference is due to the state decision and the federal court is free to resolve the claim independently. [4]

Buehner, though, does not argue that the state court decision was contrary to or an unreasonable application of clearly established law. Rather, he simply repeats several of his arguments raised to the state appellate court in anticipation of a different outcome. Federal habeas corpus, however, is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct.1604, 140 L.Ed.2d 828 (1998), quoting *Reed v. Farley*, 592 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

Buehner has a heavy burden to sustain a challenge to his conviction based on a claim of ineffective assistance of appellate counsel. *Munson v. Kapture*, 384 F.3d 310, 316 (6th Cir. 2004); *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). The constitutional standard to judge counsel's effectiveness under the Sixth Amendment is whether "counsel's representation 'fell below an objective standard of reasonableness,' . . . and . . . that counsel's deficient performance prejudiced

---

[4] "Under AEDPA, a federal court may grant habeas relief, as relevant, only if the state court's "adjudication of [a] claim on the merits ... resulted in a decision that ... involved an unreasonable application" of the relevant law. When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires. See *Wiggins v. Smith,* 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (performing the analysis required under *Strickland's* second prong without deferring to the state court's decision because the state court's resolution of *Strickland's* first prong involved an unreasonable application of law); *id*., at 527-529, 123 S.Ct. 2527 (confirming that the state court's ultimate decision to reject the prisoner's ineffective-assistance-of-counsel claim was based on the first prong and not the second). See also *Williams, supra,* at 395-397, 120 S.Ct. 1495; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam)* (indicating that § 2254 does not preclude relief if either "the reasoning [or] the result of the state-court decision contradicts [our cases]")."

*Panetti v. Quarterman,* -U.S. -, 127 S.Ct. 2842, 2858 -2859 (2007)

5:05 CV 1757                                         10

the defendant."   *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S.Ct. 1029, 1034, 145 L.Ed.2d 925 (2000), adopting the two-prong test for analysis of trial counsel's effectiveness from *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The standard is clearly summarized by the Sixth Circuit.  In essence B must demonstrate that appellate counsel overlooked a winning argument:

> A defendant is entitled to effective assistance of counsel in connection with a defendant's first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  Yet appellate counsel need not raise every nonfrivolous argument on direct appeal.  *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  To be sure, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'  *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting *Jones*, 463 U.S. at 751-52, 103 S.Ct. 3308).  Appellate counsel, however, is required to exercise reasonable professional judgment.  *Jones*, 463 U.S. at 753, 103 S.Ct. 3308.  Nevertheless, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

*Joshua v. Dewitt*, 341 F.3d 430, 441 (6th Cir. 2003).

The state appellate court cited both *Strickland* and *Jones*, in review of Buehner's arguments of ineffective assistance of appellate counsel. Buehner, 2004 WL 225474, at ¶ 3. In denying reopening on alleged prosecutorial misconduct in closing argument, the state decision rested on harmless error in light of the overwhelming evidence of Buehner's guilt . *Id*., at ¶ 9-10.  This was

5:05 CV 1757                                                        11

not contrary to or an unreasonable application of clearly established law. As succinctly and recently stated by Judge Batchelder in *Girts v. Yanai,* - F.3d -*,* 2007 WL 2481018, *15 (6th Cir.2007):

> In a habeas proceeding, a claim of prosecutorial misconduct must be reviewed for harmless error, *Spisak v. Mitchell*, 465 F.3d 684, 713 (6th Cir.2006) (citations omitted); it "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Id. (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)); accord *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir.1982) (en banc). And this question must be answered on the totality of the circumstances; "taken as a whole and within the context of the entire record." *Lundy v. Campbell*, 888 F.2d 467, 472-73 (6th Cir.1989).

The state court was required to consider harmless error, which it did, and based on the overwhelming evidence as relayed in the decision granting in part Buehner's direct appeal, the state decision found harmless error.

Next, Buehner claims appellate counsel was ineffective for not appealing "that the trial court abused its discretion by allowing the jury to consider prejudicially irrelevant evidence." (Application for Habeas Corpus § III ¶ 7). Buehner explains that this is in reference to the testimony of Randy Price about Buehner's threats to kill Price or his family if Buehner "could not get to Price," and that Price testified that Buehner had swung an ax at someone. Buehner argues that this evidence was admitted in violation of Ohio Evid. R. 404 (B). The state decision reasoned:

> Buehner argues that his trial counsel "allowed many statements to go unchecked that should have been objected to." Buehner has failed to specify what statements were subject to objection by trial counsel or how he was prejudiced by the admission of the alleged improper statements. Strickland, supra. In addition, Buehner has failed

5:05 CV 1757 12

> to demonstrate that any evidence was introduced during the course of trial which related to "other acts." Again, Buehner has failed to demonstrate that he was prejudiced by appellate counsel.

*State v. Buehner,* 2004 WL 225474, *3.

Respondent points out that in Buehner's state application to reopen appeal there was no mention of what evidence he now objected to, and this argument had been presented to the state court as a claim of ineffective assistance of trial counsel, not judicial error ( See Respondent's Ex. K, p. 7-8). Respondent argues this claim was not fairly presented. Respondent is correct. Particularly important in this matter is that to be "fairly presented" the federal ground must also be presented under the same theory as presented to the state court. See *Caver v. Straub*, 340 F.3d 340, 346 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1939, 161 L.Ed. 779 (2005). "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001). As set out previously, "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver*, 349 F.3d at 346, quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Consequently, federal collateral review is barred.

Finally, Buehner faults appellate counsel for not appealing the trial court's refusal to instruct on involuntary manslaughter. The state decision reasoned:

> The decision to request a jury instruction with regard to a lesser included offense constitutes trial strategy and does not establish ineffective assistance of trial counsel. State v. Griffie (1996), 74 Ohio St.3d 332, 658 N.E.2d 764. In addition, Buehner was not entitled to an instruction with regard to the lesser included offense of involuntary manslaughter since he denied any involvement in the charged offenses

5:05 CV 1757                                          13

of murder. State v. Taylor, Cuyahoga App. No. 79274, 2002-Ohio-7, reopening disallowed, 2003-Ohio-2295, Motion No. 346272.

*State v. Buehner,* 2004 WL 225474, *2.

*State v. Griffie*, held that, "[f]ailure to request instructions on lesser included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel."  The state decision does not directly apply the appropriate federal standard for review but rests on, *i.e.*, *State v. Griffie*, which in turn applied *State v. Clayton*, 62 Ohio St. 2145, 402 N.E.2d 1189, 16 O.O.3d 35 (1980), *cert. denied*, 449 U.S. 879 (1980).  *Griffie* and *Clayton* were decided without consideration of the federal standard for adjudicating counsel's effectiveness as set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and appellate counsel's effectiveness as set out in *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed. 987 (1983).  The state decision was grounded on a simple, but no longer appropriate, rule that counsel's decision whether or not to request an instruction on a lesser included offense can be dismissed as a matter of trial strategy. The state appellate court while not relying on *Strickland* and *Jones*, did, nevertheless, acknowledge these Supreme Court decisions as setting the appropriate standards of review.

Since the state court decision did refer to the appropriate Supreme Court decisional bases from *Strickland* and *Jones*, this is sufficient to trigger a presumption that "state courts know and follow the law."  *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). *Holland v. Jackson* has instructed the reviewing federal courts in such instances to determine whether the state decision was an unreasonable application of *Strickland* when the state decision recites *Strickland*, but appears to rest on another standard.  *Id.* 542 U.S. 934, 542 U.S. 649,

5:05 CV 1757                                                        14

654, 124 S.Ct. 2736, 2738, 159 L.Ed.2d 683 (2004). "§2254(d) requires that 'state court decisions to be given the benefit of the doubt.'" *Holland*, 542 U.S. at 654, 124 S.Ct. at 2739, quoting *Visciotti*, 537 U.S. at 24, 123 S.Ct. at 360. Because the state decision acknowledged the correct factors for adjudicating this claim, Buehner must show an unreasonable application of clearly established federal law in adjudicating this claim under the appropriate federal standards.[5]  "[A] state court need not even be aware of [Supreme Court] precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Mitchell v. Esparza,* 540 U.S. 12, 16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003), quoting *Early v. Packer*, 537 U.S. 3, 7-8, 123 S.Ct. 363, 154 L.Ed.2d 263. (2002)(*per curiam*).

The denial of this claim was not an unreasonable application of *Strickland* because the underlying argument lacks merit. [6] Ohio permits a jury to find a defendant guilty of "other offenses

---

[5] The tension as to the standard of review to be applied will always exist until such time as the *de novo* standard of *Wiggins* is reconciled (if that is possible) with the deferential standard in *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003), which held, "that a state court need not even be aware of all precedents, 'so long as neither the reasoning nor the result of the state/court decision contradicts them.'" Citing *Early v. Packer*, 537 U.S. 3, 7-8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per curiam*). *Early* indicated that the deferential standard of review would follow, even when the state court failed to address the federal claim. In criticizing the Ninth Circuit for evading §2254(d)'s requirements that the state court decision be contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts, the Supreme Court in *Early* appeared to opt for the deferential standard of review when the state court failed to rely on federal authority. See *Early*, 537 U.S. at 10, 123 S.Ct. at 366.

[6] If Buehner had argued directly that the failure to instruct on a lesser included offense had been a denial of federal due process, his argument would have been struck down as noncognizable. The Sixth Circuit has held in **noncapital** cases, such as this, that in general, the failure to instruct on a lesser included offense is not "such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*), *cert. denied*, 496 U.S. 929 (1990); *Scott v. Elo,* 302 F.2d 598, 606 (6th Cir. 2002), *cert. denied*, 537 U.S. 1192 (2003); compare *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) ; *Hopkins v. Reeves*, 524 U.S. 88, 97,118 S.Ct. 1895, 1900, 141 L.Ed.2d 76 (1998) ( lesser included offense instructions are required in capital cases). However, "[i]n *Bagby*, the court

5:05 CV 1757                                          15

. . . included within the offense charged," commonly known as lesser included offenses, using the "elements approach".  See Ohio Rev. Code §2945.74; *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988); *State v. Kidder*, 32 Ohio St.3d 279, 513 N.E.2d 311 (1987) (modified in *Deem*); *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), *cert. denied*, 493 U.S. 826 (1989).[7] The state court, though, is only required to instruct the jury on the lesser included offense where the evidence presented would reasonably support both acquittal on the crime charged and conviction on the lesser included offense.  See *Kidder, supra*; *State v. Davis*, 6 Ohio St.3d 91, 451 N.E.2d 772 (1983). As more fully explained in *State v. Conway,* and directly applicable to Buehner's appeal:

> Involuntary manslaughter is a lesser included offense of aggravated murder. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph one of the syllabus. The difference between the two offenses is the mental state of the accused. Aggravated murder under R.C. 2903.01(A) requires a purpose to kill, with prior calculation and design, while involuntary manslaughter requires only that the killing occur as a proximate result of committing or attempting to commit a felony. R.C. 2903.04(A); *Thomas* at 216-217, 533 N.E.2d 286.
>
> {¶ 133} "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. In making this determination, the court must view the evidence in a light most favorable to defendant. *State v. Smith* (2000), 89 Ohio St.3d 323, 331, 731 N.E.2d 645; *State v. Wilkins* (1980), 64 Ohio St.2d 382, 388, 18 O.O.3d 528, 415 N.E.2d 303.

---

postulated that it was 'conceivable' that certain claims might be cognizable on federal habeas review where 'a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law." *Evans v. Voorhies*, 2007 WL 2891003, at *15 (S.D. Ohio), quoting *Bagby*, 894 F.2d at 795.

[7] The Supreme Court has recognized that states employ differing methods to define lesser included offenses such as the elements approach used both in Ohio and federally, the cognate evidence approach, and the common proof approach.  See *Hopkins v. Reeves*, 524 U.S. 88, 97 n. 6, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998).

5:05 CV 1757                                                  16

> {¶ 134} Nevertheless, an instruction is not warranted every time any evidence is presented on a lesser included offense. There must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." (Emphasis sic.) *State v. Shane*, 63 Ohio St.3d at 632-633, 590 N.E.2d 272. In view of the evidence presented at trial, even when construed in a light most favorable to Conway, the trial court did not err in refusing to instruct on involuntary manslaughter.

*Id*., 108 Ohio St.3d 214, 239, 842 N.E.2d 996,1027, 2006- Ohio-791 (2006).

Buehner contends that an instruction for involuntary manslaughter was warranted because the victim was shot: in response to his approaching the truck to sell drugs; someone else shot the victim; and the jury could have reasonably found that the victim died proximately from a drug transaction. ( Application for Habeas Corpus § III ¶28). Involuntary manslaughter requires that there be no "purpose" behind the killing. See Ohio Rev. Code §2903.04. The evidence showed that Edwards was involved in the sale of crack cocaine to Buehner. When Edwards asked to see the money in advance of handing over the drugs, Buehner pointed a handgun at Edwards. Saunders at the time was approaching Buehner and Edwards, and both Edwards and Saunders fled. Saunders was shot while attempting to flee but Edwards ran the other direction and hid under a parked car while Buehner canvassed the area looking for him. See *Buehner*, 2003 WL 21469159 ¶¶ 3-4. Buehner's companion in crime, Price who became a state witness, testified that Buehner told him that he shot Saunders because he had previously sold him $450 worth of fake "wet" cigarettes, cigarettes dipped in liquid. PCP or formaldehyde. *Id.*, ¶6.

5:05 CV 1757                                                        17

The evidence shows a killing with "purpose." The evidence presented at trial would *not* reasonably support both an acquittal of murder and conviction upon the lesser included offense of involuntary manslaughter. As for Buehner's alternative arguments, denial of the charge does not support acquittal of murder and conviction of involuntary manslaughter, and the evidence cannot be interpreted as attenuated to the extent that is distances Buehner's involvement in Saunders demise to support the conclusion that Saunders dropped dead from the drug transaction. If that were the situation, then this would exculpate Buehner and not support conviction on the lesser included offense.

Consequently, as a matter of state law there was no merit to Buehner's argument for an instruction on the lesser included offense of involuntary manslaughter. Counsel was not ineffective for failing to raise this argument because counsel's representation did not fall below an objective standard of reasonableness for purposes of *Strickland,* and appellate counsel was not ineffective for not appealing on this argument so as to violate Buehner's Sixth Amendment right to effective assistance of appellate counsel. The result does not contradict *Jones,* or *Strickland*, so Buehner has failed to established that the state decision was an unreasonable application of clearly established federal law. See *Mitchell*, 540 U.S. at 15, 124 S.Ct. at 10.

### ***CONCLUSION AND RECOMMENDATION***

Following review of the petition and applicable law, Buehnert has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme

5:05 CV 1757                                                                    18

Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Buehner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence.  There has been no demonstrated need for an evidentiary hearing.  It is recommended that Buehner's application for habeas corpus be denied.

                                                            s/James S. Gallas              
                                                           United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

October 15, 2007