UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BUEHNER, | ) | Case No.: 1:05 CV 1757 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DAVID BOBBY, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Subsequent to filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1), Petitioner Michael Buehner ("Petitioner" or "Buehner") filed two other Motions before this court. They are: (1) Petitioner's Motion for Abeyance Order on Instanter (ECF No. 16); and (2) Petitioner's Motion for Alternative Writ on Habeas Corpus Bail Application, In re: Dismissal Against the State of Ohio for Prejudicial Plain Error (ECF No. 18).

### I. SUMMARY OF BUEHNER'S MOTIONS

#### A. Motion for Abeyance Order

Buehner requested an Order of Abeyance for thirty days. (ECF No. 16, ¶ 3.) Buehner attaches two exhibits to his Motion for Abeyance. One is the Cuyahoga County Court of Common Pleas' Judgment Entry, in which it vacated Buehner's conviction and sentence for attempted murder and affirmed Buehner's sentence of 18 years to life for murder. (ECF No. 16-1.) The second exhibit is Buehner's Motion for Resentencing filed in state court. (ECF No. 16-2). In Buehner's state court

Motion for Resentencing, he argues that his sentence is contrary to law. (*Id*., ¶ 2.) He appears to argue that the sentence is contrary to law in part because he did not have an opportunity to speak at a resentencing proceeding. (*Id*., at p. 3.)

### B. Motion for Alternative Writ on Habeas Corpus Bail Application

Buehner argues in his Motion for Alternative Writ that his Motion for Resentencing on Instanter Order that he filed in state court (ECF No. 16-2), has yet to be addressed and that this delay has amounted to a violation that this court should remedy. He states that "[f]or good and just cause, a matter of law and mixed question of law was sought via abeyance for State Court reply and was met with continuance for delay purposes." (Motion for Alternative Writ, ¶ 2.) As a result of this alleged delay, Buehner asks this court to order an "Alternative Writ to Habeas Corpus Bail" that requires the state to produce a valid final Judgment Entry within twenty days. (*Id*., ¶ 9.) Buehner further asks that, "a Remand ORDER for Dismissal be enjoined against Respondent and the Sister State of Ohio under 'Prejudicial Plain Error for violation of the Double jeopardy Clause, of the Fifth Amendment, in that, a shotgun conviction has resulted without a charging instrument." (*Id*., ¶ 10.)

### II. LAW AND ANALYSIS

Legal issues only involving state law are not reviewable by a federal court in habeas corpus proceedings. As the court in *Bollar v. Miller*, Sl. Cop., 2009 WL 5217098, *8 (N.D.Ohio Dec. 30, 2009), explained:

> The Sixth Circuit has held that "[e]rror committed during state post-conviction proceedings cannot provide a basis for federal habeas relief. *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir.1986)). "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."

> *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). A federal habeas court cannot consider any errors regarding a violation of state law or a state court's decision applying purely state law because these errors are not of a constitutional magnitude. *See id*.

This court finds similarly. The court interprets Buehner's argument in his Motion for an Alternative Writ to be that the state court has delayed in responding to his Motion for Resentencing that he filed on April 23, 2010. The answer to whether or not delay has occurred and the legal consequences of such delay are issues that arise under and are determined by Ohio state law, not federal constitutional law. In fact, Buehner cites the Ohio Revised Code in support of both of his Motions. Although Buehner references the Fifth Amendment of the U.S. Constitution in his Motion for an Alternative Writ, a mere citation to the U.S. Constitution does not make his claim a federal one.

Even if Buehner were raising federal constitutional issues, federal courts may not enjoin pending state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("The accused should first set up and rely u[p]on his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.") (citation omitted). It appears that Buehner's resentencing proceedings are ongoing. Buehner is currently arguing in the state court that there is error with the sentence the Court of Common Pleas imposed after the Court of Appeals found that there was insufficient evidence to convict Buehner of attempted murder. Because, pursuant to *Younger*, state proceedings have to be complete before this court can review them, this court cannot grant Buehner's requested relief.

In addition, in Buehner's Motion for an Abeyance Order, he asks for an abeyance for thirty

days from the filing date, which was May 3, 2010. The thirty days have passed. For this additional reason, the court denies as moot Buehner's Motion for Abeyance (ECF No. 16).

### III. CONCLUSION

For the foregoing reasons, the court hereby denies Petitioner's Motion for Abeyance Order on Instanter (ECF No. 16) and denies Petitioner's Motion for Alternative Writ on Habeas Corpus Bail Application, In re: Dismissal Against the State of Ohio for Prejudicial Plain Error (ECF No. 18).

The court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 30, 2010